# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ISAHA CASIAS.

    Plaintiff,

v.                                                                                                      Civ. No. 16-56 KK/SCY

STATE OF NEW MEXICO DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

## INITIAL SCHEDULING ORDER

This case is assigned to me for scheduling, case management, discovery and other non-dispositive motions. The Federal Rules of Civil Procedure, as amended, as well as the Local Civil Rules of the United States District Court for the District of New Mexico will apply to this lawsuit.

The parties, appearing through counsel or *pro se*, will "meet and confer" no later than **March 16, 2016**, to discuss the nature and basis of their claims and defenses, the possibility of a prompt resolution or settlement, and to formulate a provisional discovery plan. Fed. R. Civ. P. 26(f). The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan* ("JSR") which follows the sample JSR available at the Court's website, www.nmd.uscourts.gov. The parties will fill in the proposed dates, bearing in mind that the time allowed for discovery is generally 120 to 180 days from the date of the Rule 16 Initial Scheduling Conference. The Court will determine actual case management deadlines after considering the parties' requests. Plaintiff, or Defendant in removed cases, is responsible for filing the JSR by **March 30, 2016**.

Good cause must be shown and the Court's express and written approval obtained for any modification of the case management deadlines that the Court will establish at the scheduling conference.

Initial disclosures under Fed. R. Civ. P. 26(a)(1) must be made within fourteen (14) days of the meet-and-confer session.

A Rule 16 Initial Scheduling Conference will be held telephonically on **April 5, 2016** at **10:30 a.m.** The parties shall call Judge Yarbrough's "Meet Me" line at 505-348-2277 to connect to the proceedings. At the Rule 16 scheduling conference, counsel must be prepared to discuss initial disclosures; discovery needs and scheduling; the process for resolving discovery disputes;[1] all claims and defenses; the use of scientific evidence and whether a *Daubert*[2] hearing is needed; and the timing of expert disclosures and reports under Fed. R. Civ. P. 26(a)(2). We will also discuss settlement prospects and alternative dispute resolution possibilities. Client attendance is not required. If service on all parties is not complete, plaintiff(s) appearing through counsel or pro se, is (are) responsible for notifying all parties of the content of this Order.

**IT IS SO ORDERED.**

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically.

[2] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).