IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISAHA CASIAS,

    Plaintiff,

v.                                                                                                    No. Civ. 16-56 JCH/SCY

STATE OF NEW MEXICO
DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney's Fees and Costs, filed September 15, 2017. Doc. 113. Plaintiff seeks $6,743.81 in attorney's fees and $1,553.16 in costs in connection with the additional discovery the Court allowed Plaintiff to conduct in this matter. *See* Doc. 93. The Court previously ordered that "Defendants shall be responsible for paying reasonable fees and costs associated with this additional discovery." *Id*. at 2.

On September 29, 2017, Defendants filed a response in opposition to Plaintiff's motion. Doc. 118. Although Defendants do not contest that Plaintiff is entitled to fees and costs, they ask the Court to reduce the amount of fees and costs to be awarded to Plaintiff. Defendants also request additional time for the payment of the fees and costs. The Court will grant Plaintiff's motion in part and deny it in part, as set forth more fully below.

1. **Deposition of Derek Williams**

Defendants incorrectly assert that both of Plaintiff's attorneys are seeking compensation for attending and taking the deposition of Derek Williams. Doc. 118 at 2. As Plaintiff points out, Mr. Baker's affidavit shows that he did not charge for the time he spent attending this deposition. *See* Adam Baker Aff., Doc. 113-2. Mr. Coyte, who took this deposition, is the only attorney for

Plaintiff to have charged for this particular deposition. *See* Matthew Coyte Aff., Doc. 113-1. Therefore, the Court will not reduce the requested fees on this basis.

   2. **Drafting of Notices of Deposition**

Defendants contend that the requested fees should be reduced by 1 hour for the amount of time Mr. Baker billed for drafting notices of deposition because this "task is clerical in nature and should be absorbed into office overhead or billed at a lower rate." Doc. 118 at 2. In his reply, Plaintiff indicates he will not contest that the time spent drafting these notices is not billable. Doc. 119 at 1. However, he contends that Mr. Baker's billable hours should only be reduced by 30 minutes rather than 1 hour because Mr. Baker spent some of this time emailing and calling opposing counsel to schedule depositions. *Id.* at 1-2. Plaintiff fails to explain how the time spent to schedule the depositions is a legal task that is eligible for billing at an attorney's hourly rate. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (indicating that tasks that do not require the legal skill of an attorney do not justify compensation at an attorney's hourly rate). In addition, these items were block billed and it is therefore difficult for the Court to discern how much time was expended to schedule depositions as opposed to drafting notices of depositions. Therefore, the Court finds it appropriate to reduce Mr. Baker's billable hours by 1 hour.

   3. **Reviewing Defendants' Response to Plaintiff's Motion for Attorney's Fees and Drafting of Plaintiff's Reply**

In his reply, Plaintiff asserts that, as compensation for attorney time expended reviewing Defendants' response to his motion and drafting his reply, 0.70 billable hours should be added to the fees and costs requested in his original motion. As set forth above, at least some of Defendants' arguments were meritorious. As a result, it is appropriate for Plaintiff to bear the fees and costs associated with reviewing Defendants' response and drafting his reply. The Court therefore declines to add these fees to the amount Plaintiff originally requested.

4. **Time for Payment**

Defendants request that the Court grant a time period of 45 days for payment of attorney's fees and costs. Doc. 118 at 3. The Court will grant this request and order that the payment be made no later than 45 days after entry of this Order.

5. **Amount Awarded**

In sum, the Court shall award Plaintiff the following amount in attorney's fees and costs:

- Attorney's Fees for Mr. Coyte:     $ 2,030.00

- Attorney's Fees for Mr. Baker:     $ 3,915.00
  [Requested amount of $4215 less $300 (1 billable hour)]

- Costs:                             $ 1,553.16

- Taxes                              Amount to be determined

The amounts listed above for attorney's fees do not include payment of New Mexico gross receipts tax because the affidavits submitted by Plaintiff's counsel differ as to the rate of the tax (7.3125% versus 8.3125%). *See* Doc. 113-1, Doc. 113-2. The Court directs Plaintiff's counsel to verify the amount to be charged for gross receipts tax and to notify Defendants within five days of entry of this Order. Should a dispute arise regarding the appropriate amount of tax, the parties shall notify the Court by emailing scyproposedtext@nmcourt.fed.us within ten days of entry of this Order.

As stated above, Defendants shall pay the awarded fees and costs no later than 45 days after entry of this Order.

**IT IS SO ORDERED**.

*[Signature: Steve Yarbrough]*
UNITED STATES MAGISTRATE JUDGE