IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISAHA CASIAS,

       Plaintiff,

v.                                         1:16-CV-00056-JMC-SCY

STATE OF NEW MEXICO DEPARTMENT
OF CORRECTIONS, TARACINA MORGAN
and HERMAN GONZALES,

       Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR CHANGE OF VENUE**

On February 19, 2019, Plaintiff Isaha Casias filed a Motion for Change of Venue (titled Motion to Conduct Trial Proceedings in Albuquerque as Originally Anticipated by the Parties) (Doc. No. 205). Plaintiff requests that the trial be held in Albuquerque, New Mexico rather than Roswell, New Mexico, because of alleged hardship to Plaintiff's witnesses. Defendants oppose Plaintiff's Motion. Having reviewed the arguments and the relevant law, the Court denies Plaintiff's Motion. Trial shall proceed as scheduled in Roswell.

I.

In June 2015, Plaintiff filed this case in the First Judicial District Court of the State of New Mexico in Santa Fe, New Mexico. Defendants removed the case to federal court in January 2016. Initially assigned to a resident judge in Albuquerque, New Mexico, the Court reassigned this civil action to the undersigned judge in January 2019. After reassignment, the Court set a trial for April 1–5, 2019 in Roswell.

Plaintiff seeks to conduct the trial in Albuquerque. Plaintiff's motion alleges that a trial in Roswell will cause hardship for witnesses to attend and would prevent Plaintiff from calling certain

witnesses altogether. Plaintiff further asserts that the Court's subpoena power is inadequate to ensure witnesses attend a trial in Roswell.

II.

Both Albuquerque and Roswell are in the District of New Mexico. Therefore, the transfer Plaintiff seeks is intra-district. "When considering requests for intra-district transfer, the court looks to the factors relevant to change of venue motions pursuant to 28 U.S.C. § 1404(a)." Chavez v. Las Cruces Pub. Sch., No. CV 03-1043 JP/LAM, 2004 WL 7338106, at *1 (D.N.M. Feb. 4, 2004) (quoting Busey v. Bd. of Cty. Comm'rs of Cty. of Shawnee, Kan., 210 F.R.D. 736, 737 (D. Kan. 2002)). "Generally, cases are not transferred between cities unless there are very compelling reasons to do so." Id. Accordingly, the court considers "the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the possibility of obtaining a fair trial, and 'all other considerations of a practical nature that make a trial easy, expeditious and economical.'" Id. (quoting Busey, 210 F.R.D. at 737). The moving party has the burden of proving that the existing forum is inconvenient. Id. (citing Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992)). Plaintiff does not meet that burden here.

Plaintiff's primary argument for conducting the trial in Albuquerque is that the Court's subpoena power is limited, and, therefore, will not reach certain witnesses. Under Federal Rule of Civil Procedure ("Rule") 45, "[a] subpoena may command a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45. Alternatively, the subpoena power may compel a non-party to attend a trial "within the state where the person resides, is employed, or regularly transacts business in person . . . if the person is commanded to attend a trial and would not incur substantial expense." Id.

Plaintiff asserts that a trial in Roswell will prevent him from calling two witnesses altogether. Plaintiff's counsel specifically identifies Francisco Herrera and Derek Douglas, both of whom live in Albuquerque. Mr. Herrera currently lives at a homeless shelter and works nights at a fast-food restaurant. Plaintiff claims that Mr. Herrera said it is impossible for him to attend trial in Roswell. Meanwhile, Mr. Douglas is on parole in Albuquerque. Plaintiff claims the chances of Mr. Douglas appearing for trial in Roswell are "remote." Plaintiff's position, however, assumes that these two individuals, when served by a valid subpoena, will choose to flout the law and not comply. Because the assertion that Mr. Herrera and Mr. Douglas will not appear before the Court is purely speculative, it does not support a transfer of the trial location. Wolf v. Gerhard Interiors, Ltd., 399 F. Supp. 2d 1164, 1168 (D. Colo. 2005).[1]

Plaintiff also alleges that a trial in Roswell will be costly in both time and expense for witnesses, many of whom live in the Albuquerque-Santa Fe region in northern New Mexico.[2] Albuquerque is approximately 200 miles from Roswell. Because witnesses in northern New Mexico are more than 100 miles from Roswell, but live in the same state, the court may issue subpoenas to ensure the witnesses appear at trial in Roswell if they will not incur substantial expense. See Fed. R. Civ. P. 45.

In support of Plaintiff's contention that witnesses will incur substantial expense if the trial proceeds in Roswell, Plaintiff points to the travel and hotel expenses of his witnesses. Specifically, Plaintiff argues that his expert psychologist must be present for his own testimony and the testimony of Defendants' psychologist to provide rebuttal testimony. As a result, Plaintiff claims

---

[1] The Court will entertain a motion for leave to conduct trial depositions for these witnesses.

[2] Plaintiff's motion ignores that he intends to call witnesses currently in Hobbs, New Mexico and Las Cruces, New Mexico, both locations which are closer to Roswell.

"it is prohibitively expensive to pay an expert to travel and stay in a hotel room for a week-long trial." Plaintiff also asserts that his expert witnesses, Department of Corrections ("DOC") witnesses, and Derek Williams, formerly of the DOC, will have to miss more work if the trial proceeds in Roswell than in Albuquerque. But the possibility that a trial may be held outside of Albuquerque always exists in the District of New Mexico. Counsel should anticipate that possibility. If Plaintiff's expert witnesses refuse to testify in Roswell, then Plaintiff should seek leave to conduct trial depositions. Further, Counsel for Defendants agreed that she would accept trial subpoenas for DOC witnesses and Derek Williams.[3] Again, Plaintiff does not provide any support beyond his own assertions, that bringing his witness to Roswell will be prohibitively expensive or that missing work is a substantial cost to the witnesses. Equal Emp't Opportunity Comm'n v. Bok Fin. Corp., 2014 WL 11829320, at *2 (D.N.M. Feb. 4, 2014) (concluding no substantial expense exists where a party submitted no authority for a finding that loss of productivity would be grounds to quash a trial subpoena). Therefore, Plaintiff's unsupported allegations regarding travel expenses and missed work do not support a transfer.

Further, to the extent that attending a trial in Roswell will expend the resources of any witness, the Court draws Plaintiff's attention to 28 U.S.C. § 1821 which provides for witness fees and travel expenses for witnesses subpoenaed by the Court. "While the allowance of witness and subsistence expenses does not operate as an open invitation to fill the courtroom with unnecessary witnesses throughout the trial, the general rule is that witness fees and subsistence fees are not limited to the day the witness actually testifies but include those days in which the witness reasonably and necessarily attends trial." Mastrapas v. New York Life Ins. Co., 93 F.R.D. 401,

---

[3] Plaintiff overstates the difficulty faced by Mr. Williams in attending a trial in Roswell. Mr. Williams has represented to the Court that he has no difficulty in traveling to Roswell for a trial.

405–06 (E.D. Mich. 1982). Additionally, if Plaintiff prevails at trial, he may recover costs. Id. at 403; Fed. R. Civ. P. 54.

Plaintiff also implies that employers may be unwilling to allow their employees to comply with subpoenas to appear at trial, leading the Court to infer that witnesses face potential workplace retaliation for their compliance. Plaintiff's insinuations are unsupported and are, therefore, insufficient justification to support a transfer. Wolf, 399 F. Supp. 2d at 1168. Moreover, if a witness fails to comply with a subpoena, the Court may hold that witness in contempt. Fed. R. Civ. P. 45. And, if an employer interferers with an employee's compliance with a subpoena, that interference is likely actionable. Haddle v. Garrison, 525 U.S. 121, 126 (1998).

Finally, Plaintiff claims he intends to call his mother and step-father to testify in support of his claim for damages.[4] Plaintiff's parents reside in Durango, Colorado. Durango is outside the State of New Mexico and over 100 miles from both the courthouse in Roswell and in Albuquerque. Therefore, Plaintiff's parents reside outside the range of the Court's subpoena power. See Fed. R. Civ. P. 45. Plaintiff has not, however, alleged that his parents will refuse to attend a trial in New Mexico. See Scheidt, 956 F.2d at 966 ("nothing has been submitted . . . to indicate . . . that . . . witnesses [were] unwilling to come to trial in Oklahoma City . . . or that the use of compulsory process [would] be necessary."). Accordingly, Plaintiff has failed to demonstrate the requisite inconvenience to his witnesses to support a transfer. Id.

III.

For the reasons above, the Court DENIES Plaintiff's Motion for Change of Venue (Doc. No. 205).

---

[4] Plaintiff also indicates that he may call his sister to testify in support of his damages claim. She lives in Farmington, New Mexico. Thus, she, like the other witnesses, is within the Court's subpoena power.

Entered for the Court
this the 4th day of March, 2019

/s/ Joel M. Carson III
Joel M. Carson III
United States Circuit Judge
Sitting by Designation