IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISAHA CASIAS,

      Plaintiff,

v.                                                             1:16-CV-00056-JMC-SCY

STATE OF NEW MEXICO DEPARTMENT
OF CORRECTIONS, TARACINA MORGAN
and HERMAN GONZALES,

      Defendants.

**ORDER OVERRULING IN PART DEFENDANTS' OBJECTION TO PLAINTIFF'S CONTESTED EXHIBIT LIST; GRANTING IN PART PLAINTIFF'S MOTION IN LIMINE NO. IV; SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS TO DEFENDANTS' FINAL TRIAL EXHIBIT LIST; GRANTING IN PART PLAINTIFF'S MOTION IN LIMINE NO. III; SUSTAINING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' DEPOSITION DESIGNATIONS; AND OVERRULING DEFENDANTS' OBJECTION TO PLAINTIFF'S USE OF DEPOSITIONS AT TRIAL**

On March 5, 2019, the parties appeared before the Court for a pretrial conference. At the pretrial conference, the parties orally argued the remaining pending motions and objections. For the reasons set forth below, the Court OVERRULES IN PART Defendants' Objection to Plaintiff's Exhibit List [Doc. No. 186]; GRANTS IN PART Plaintiff's Motion in Limine No. IV [Doc. No. 134]; SUSTAINS IN PART and OVERRULES IN PART Plaintiff's Objections to Defendants' Final Trial Exhibit List [Doc. No. 182]; GRANTS IN PART Plaintiff's Motion in Limine No. III [Doc. No. 133]; SUSTAINS Plaintiff's Objections to Defendants' Deposition Designations [Doc. No. 183]; and OVERRULES Defendants' Objection to Plaintiff's use of Depositions at Trial [Doc. No. 185].

I.

On July 11, 2013, Defendants Taracina Morgan and Herman Gonzales transported Plaintiff Isaha Casias, along with other inmates, from one prison to another. During the transfer, Plaintiff alleges that Defendants left the van unattended with the van's engine turned off, and the windows and doors closed. As a result of these conditions, Plaintiff alleges he lost consciousness and convulsed with uncontrollable muscle spasms. Plaintiff claims that during that transfer, Defendants acted negligently and violated his constitutional rights. As a result of this event, Plaintiff alleges he suffered medical and psychological damages.

II.

Plaintiff and Defendants have filed various pretrial motions and have lodged objections to evidentiary issues. The Court now addresses each of these pending motions and objections in turn.

**(i)       OPS Report of Investigation**

Plaintiff seeks to admit at trial the Office of Professional Standards ("OPS") report that Derek Williams, Deputy Warden of the Penitentiary of New Mexico ("PNM"), prepared. Doc. No. 193. The Court previously addressed this issue in its September 10, 2018, Memorandum Opinion and Order [Doc. No. 174], but reserved ruling on the admission of the OPS report itself until trial in order to determine if Plaintiff can lay the proper evidentiary foundation for admission under a hearsay exception. Plaintiff contends that the issue is ripe for resolution. Plaintiff argues the report is admissible under Feder Rule of Evidence ("Rule") 801(d)(2) or Rule 803(6). Defendants object to the OPS report in their Objection to Plaintiff's Exhibit List [Doc. No. 186] by incorporating the objections made in their Response to Plaintiff's Motion in Limine No. II [Doc. No. 155]. Defendants' Response to Plaintiff's Motion in Limine No. II, however, does not contain specific objections regarding the admissibility of the OPS report.

Rule 801(d)(2) provides an exclusion to the rule against hearsay for opposing party statements. Fed. R. Evid. 801(d)(2). An opposing party's statement is a "statement . . . offered against an opposing party," and among other things, "was made by a person whom the party authorized to make a statement on the subject." *Id.* Plaintiff offers the OPS report as evidence against Defendants. Williams created the report after OPS requested Williams investigate the incident. OPS is part of Defendant New Mexico Department of Corrections ("DOC"). A party to this case thus authorized Williams to make a statement on the subject. The OPS Report satisfies the requirements of Rule 801(d)(2). *See Reid Brothers Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292, 1306 (9th Cir.1983) (explaining that a report prepared by third party at request of defendant company was admissible under Rule 801(d)(2)(C)). The Court overrules Defendants' objection to the OPS report.

**(ii)     Defendants' interviews with Derek Williams**

Plaintiff seeks to admit transcripts or audio recordings of Williams' interviews of Herman Gonzales and Taracina Morgan. Doc. No. 193. At the pretrial conference, Defendants objected to the admission of this evidence because the contents of the interviews are not sworn statements. A statement by a party opponent, however, is not required to be sworn to be admissible. *See SE Techs., Inc. v. Summit Elec. Supply Co.*, 2002 WL 34705613, at *3 (D.N.M. Feb. 7, 2002) (describing that unsworn statements are admissible under Fed. R. Evid. 801(d)(2)); Fed. R. Evid. 801(d)(2). Like the evidence discussed above, the statements in both interviews are admissible under Rule 801(d)(2). The statements are statements by a party to the case in his or her individual capacity offered by Plaintiff against the party-declarant. *See* Fed. R. Evid. 801(d)(2)(A). Accordingly, the statements are an exclusion from hearsay and may be offered as substantive evidence. *See United States v. Williamson*, 53 F.3d 1500, 1517 (10th Cir. 1995) (explaining that

3

because 801(d)(2) is an exclusion from hearsay, evidence admissible under that rule is admissible as substantive evidence). The Court overrules Defendants' objection to this evidence.

The Court, however, believes the introduction of both the transcript and audio recording from each interview is unnecessarily cumulative. Fed. R. Evid. 403. Therefore, Plaintiff shall only be allowed to admit the transcript from each interview for use at trial.

**(iii)     Hand-drawn diagram of sallyport area**

Plaintiff seeks to admit a hand-drawn diagram created by Edward Urtiaga of the sallyport area at PNM. Doc. No. 193. Subject to a minimal foundation being laid at trial (i.e., a witness who can identify the diagram), Defendants indicate they will not object to this evidence. Therefore, the Court does not exclude the hand-drawn diagram from evidence at this time. In the event no foundation testimony is provided, the Court will entertain a motion to strike the diagram from the record.

**(iv)     Assorted photographs and video**

Plaintiff also seeks to admit at trial photographs of a DOC transport van, a photograph of the paper jumpsuits used during DOC inmate transports, photographs of the PNM sallyport area, and a video of PNM's north sallyport. Doc. No. 193. Defendants object to admission of this evidence in their Motion in Limine to Exclude Photographic and/or Video Trial Exhibits. Doc. No. 125. The Court previously ruled that this evidence is admissible subject to foundation being laid at trial. Doc. No. 174. Like the above evidence, at the pretrial conference, Defendants indicated they would not object to admission of this evidence subject to a minimal foundation being laid at trial. Accordingly, the Court does not exclude the admission of this photographic and video evidence at this time but will entertain a motion to strike the evidence if no foundation is laid.

**(v) Plaintiff's Judgment and Sentence**

At the pretrial conference, the parties discussed the admission of Plaintiff's Judgment and Sentence. Plaintiff previously moved to exclude this evidence in his Motion in Limine No. IV. Doc. No. 134. In its September 10, 2018 Memorandum Opinion and Order [Doc. No. 174], the Court ruled that "absent a showing at trial of a stronger connection of the fact of a certain conviction or length of incarceration to the nature of Plaintiff's asserted emotional distress, the Court will grant Plaintiff's motion to exclude reference to his criminal history, with the exception of the fact of the 2013 felony conviction, under Rule 403." Doc. No. 174. The Court's September 10, 2018, ruling shall stand.

**(vi) NMCD psychiatric assessment**

Defendants seek to admit a New Mexico Corrections Department psychiatric assessment of Plaintiff from several days before the incident. Doc. No. 212. Pursuant to Rule 403, Plaintiff objects to specific sections of the psychiatric assessment which reference Plaintiff's fighting, multiple arrests, and multiple prison sentences. Doc. No. 193. At the pretrial conference, Defendants agreed to redact the references to which Plaintiff objects. Because of Defendants' concession, the Court overrules as moot Plaintiff's objections to the psychiatric assessment.

**(vii) Refusal form**

Defendants claim Plaintiff continued to refuse care following the incident, despite being in a purportedly "bad position." To evidence this, Defendants seek to admit a refusal form which shows that Plaintiff refused certain labs on March 31, 2014. Doc. No. 212. At the pretrial conference, Plaintiff argued the refusal form is not relevant because what labs Plaintiff refused is unclear and no medical provider plans to attend trial who can testify as to the contents and significance of the refusal form. Plaintiff also argues, and the Court agrees, that the probative

value of this evidence is minimal and is substantially outweighed by the danger of confusion. Fed. R. Evid. 403. Without testimony regarding the specific content of the refusal form, the jury will be left to speculate about the relevance of the evidence. *See Bankers Tr. Co. v. Lee Keeling & Assocs., Inc.*, 20 F.3d 1092, 1101 (10th Cir. 1994) ("[T]he jury's finding that [the defendant] was negligent . . . could only have been based on speculation and conjecture, an impermissible ground upon which to base its verdict."). Because the Court concludes the probative value of the refusal form is substantially outweighed by the danger of confusing the jury, the Court sustains Plaintiff's objection.

**(viii) Medical records**

Defendants seek to admit records from two health care facilities as evidence of Plaintiff's pre-existing Post-Traumatic Stress Disorder ("PTSD") and emotional distress.[1] Doc. No. 212. Plaintiff objects these records as inadmissible hearsay under Rule 801 and Rule 802. Doc. No. 208. Plaintiff also argues the records are inadmissible under Rule 803(6) and Rule 803(4). *Id.* At the pretrial conference, Defendants argued that the records are admissible under Rule 803(4), Rule 803(3), or Rule 804(a)(3).

Defendants allege that Plaintiff's medical records from Cottonwood Holistic Family Health and Presbyterian Medical Services at Farmington Community Health Center indicate a self-report from Plaintiff of a 2007 diagnosis of PTSD. Doc. No. 157. The Court previously determined that if there is an evidentiary basis supporting that Plaintiff made a self-report of PTSD prior to the incident, that he suffered severe emotional distress from a past incident of physical torture, or that he had experienced major depression in 2013, that evidence may be relevant to the degree of

---

[1] Defendants seek to admit Cottonwood Holistic Family Health records from February 14, 2011, March 4, 2011, and April 5, 2012. They also seek to admit Presbyterian Medical Services at Farmington Community Health Center records from April 12, 2013. Doc. No. 212.

6

Plaintiff's emotional distress arising from this incident or whether his emotional damages pre-existed this incident. *Cf. York v. American Tel. & Tel. Co.*, 95 F.3d 948, 957-58 (10th Cir. 1996) (holding that because plaintiff raised a claim of emotional distress, it was entirely appropriate for court to allow defendants to introduce evidence of alternate or multiple causes of such distress, including past hospitalization in a psychiatric facility and divorce proceedings); *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992) ("And because Hancock placed her mental condition in issue with her claim for damages, we conclude that the district court did not abuse its discretion in admitting her prior psychiatric treatment into evidence under Rule 403."), *partially abrogated on other grounds by Jaffee v. Redmond*, 518 U.S. 1 (1996)). The Court reserved ruling on this issue for trial. Doc. No. 174.

Plaintiff argues that statements contained in the medical records create a double hearsay problem. The first layer of hearsay are Plaintiff's statements contained in the medical records. Plaintiff's statements are offered against him by Defendants and are thus statements by a party opponent, an exclusion from the definition of hearsay. *Back v. Nestle USA, Inc.*, 694 F.3d 571, 577 (6th Cir. 2012) (concluding Rule 801(d)(2) satisfies the admissibility requirements for the first layer of hearsay); Fed. R. Evid. 801(d)(2)(A) ("A statement is not hearsay if . . . [t]he statement is offered against a party and . . . was made by the party in an individual or representative capacity"). Therefore, the statements contained in the medical records are admissible if the records themselves fall within a hearsay exception.

Rule 803(4) makes admissible "[a] statement that: (A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." Fed. R. Evid. 803(4).

7

Accordingly, statements contained in the medical records made for the purpose of medical diagnosis or treatment are admissible under Rule 803(4).

At the pretrial conference, Plaintiff argued that it is unclear from the Cottonwood Holistic Family Health records that he intended to seek medical diagnosis or treatment. Although the Court has not had the benefit of reviewing the records, Defendants claim the records include statements of Plaintiff's medical history. Courts have repeatedly acknowledged that "a statement made in the course of procuring medical services, where the declarant knows that a false statement may cause misdiagnosis or mistreatment, carries special guarantees of credibility." *United States v. Tome*, 61 F.3d 1446, 1449–50 (10th Cir. 1995) (quoting *White v. Illinois*, 502 U.S. 346, 356 (1992)). That principle applies to Plaintiff's statements contained in the Cottonwood Holistic Family Health records. Given that Plaintiff was speaking to his physician about his medical history, his statements carry a special guarantee of credibility, and fall within the hearsay exception in Rule 803(4).

Plaintiff also objects to the Farmington Community Health Center records on the grounds that Plaintiff spoke with a social worker, not a physician, and, thus his statements were not made for the purpose of medical diagnosis or treatment. But "[t]he ambit of Rule 803(4) is not limited to statements made to a licensed physician, but instead may encompass those made to social workers, provided that the declarant intended to procure medical treatment." *Davignon v. Clemmey*, 322 F.3d 1, 8 n.3 (1st Cir. 2003); *see also United States v. Yellow*, 18 F.3d 1438, 1442 (8th Cir. 1994); *State ex rel. Children, Youth & Families Dep't v. Frank G.*, 108 P.3d 543, 555 (N.M. Ct. App. 2005), *aff'd sub nom. In the Matter of Pamela A.G.*, 134 P.3d 746 (N.M. 2006). Here, Plaintiff does not allege that he was not seeking medical treatment from Farmington Community Health Center. Therefore, the Farmington Community Health Center records are

admissible as statements made for the purpose of medical diagnosis or treatment under Rule 803(4).

The Court overrules Plaintiff's objections to the Cottonwood Holistic Family Health and Farmington Community Health Center medical records.

**(ix)   Sallyport Video**

Defendants seek to admit a video allegedly depicting the sallyport area on the day of the incident. The video appears to be a hand-held video camera recording a computer screen. In the Court's September 10, 2018, Memorandum Opinion and Order, the Court noted that the lack of explanation for why the video evidence looks to be from a hand-held camera is concerning [Doc. No. 174]; however, the Court did not rule on the admissibility of the video at that time.

At the pretrial conference, Plaintiff objected to the admission of this evidence on the grounds that it is impossible to authenticate. Defendants, however, claim Williams can lay the proper foundation for this evidence at trial. Accordingly, the Court reserves ruling on the admission of this video evidence until trial.

**(x)   Objections to Dr. Kimberly Birch's deposition testimony**

Defendants identified Dr. Kimberly Birch as a witness with knowledge of Plaintiff's medical claims. Doc. No. 13. Defendants deposed Dr. Birch and designated her deposition testimony for use at trial. Doc. No. 177. Plaintiff objects to certain statements contained in Dr. Birch's deposition. Doc. Nos. 133, 183. Specifically, Plaintiff objects to Dr. Birch's testimony regarding the time of the incident and statements by unidentified inmates begging to return to the transport van following the incident.

   a.   <u>Testimony regarding the time of the incident</u>

Dr. Birch reported the time of the incident as 12:40 p.m. in her medical record. In her deposition testimony, however, Dr. Birch states that she did not look at her watch to confirm the time, but estimated the time based on conversations with others. Birch Dep. 35:5-24; Doc. No. 177. Plaintiff objects to the admissibility of Dr. Birch's statement regarding the time as inadmissible hearsay under Rule 801 and Rule 802.

The Court previously addressed this issue in its September 10, 2018, Memorandum Opinion and Order. Doc. No. 174. Acknowledging that the statement is hearsay, the Court reserved ruling on this issue for trial so that Dr. Birch could verify the source and circumstances of the recorded time. The Court determined at the time of the Memorandum Opinion and Order that the record was insufficient to establish all the foundational elements required for the statement to fall within the hearsay exception for a Record of a Regularly Conducted Activity under Rule 803(6).

Because Defendants have elected to submit a trial deposition, the Court no longer needs to wait for trial to resolve this issue. Further, because Dr. Birch will not testify at trial, she is unable to lay the proper foundation for this statement to fall within the hearsay exception. Therefore, Dr. Birch's deposition testimony regarding her reported time of the incident is inadmissible hearsay. The Court grants Plaintiff's Motion in Limine No. III with respect to Dr. Birch's deposition testimony about the time of the incident.

   b. <u>Testimony regarding the statements of unidentified inmates</u>

Dr. Birch testified at her deposition that she recommended two unidentified inmates stay for observation. These inmates evidenced stable vital signs and allegedly begged her to allow them to continue to their final destinations. Birch Dep. 18:1-7, Doc. No. 177. Plaintiff objects to this testimony under Rules 801, 802, and 403.

Like the prior challenge to Dr. Birch's deposition testimony, the Court previously reserved ruling on this issue for trial. Doc. No. 174. The Court noted it was not convinced of the relevance of this statement but that it would wait to see whether Defendants could establish the context of the statement at trial. Because Dr. Birch will not testify at trial, the only context for the statement comes from her trial deposition. A statement regarding two unidentified inmates' desire to proceed with the transport is not relevant. Without the identity of the inmates, Dr. Birch's statement is irrelevant to Plaintiff's case or Defendants' defense. *See* Fed. R. Evid. 401. Further, if these statements were allowed into evidence, it could cause the jury to improperly speculate that Plaintiff was one of the two inmates Dr. Birch described. *See Bankers Tr. Co.*, 20 F.3d at 1101. Therefore, even if this evidence were relevant, under Rule 403 the probative value is substantially outweighed by the danger of unfair prejudice and confusing the jury. Accordingly, the Court grants Plaintiff's Motion in Limine No. III with respect to Dr. Birch's deposition testimony about the pleas of two unidentified inmates to proceed with the transport.

**(xi)     Objections to Sharoski Jackson's deposition testimony**

Plaintiff designated the direct examination of Sharoski Jackson by video deposition for use at trial. Doc. No. 181. Defendants did not designate any portion of the deposition of Jackson in their deposition designations but object to Plaintiff's limited designation. Doc. Nos. 177, 185. Defendants claim they stipulated to a video deposition of Jackson with the understanding that Defendants' cross-examination of Jackson would be included in the designation. Plaintiff does not dispute this; however, Plaintiff objects to a portion of Jackson's deposition where defense counsel asks Jackson about his criminal convictions. Plaintiff challenges the admissibility of Jackson's prior criminal convictions under Rules 402 and 403 and argues that the conviction is inadmissible under Rule 609.

The nature of Jackson's convictions is highly prejudicial. A jury convicted Jackson of accepting earnings of a prostitute, third degree human trafficking, fourth degree human trafficking, and recruiting, soliciting, transporting, and contributing to the delinquency of a minor. The nature of these convictions could lead to a decision on an improper, emotional basis. *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999) (Evidence is unfairly prejudicial if "it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment."). Further, Defendants have not argued that evidence of Jackson's conviction is probative of the circumstances of this case. Thus, under Rule 403 the probative value of the nature of Jackson's prior convictions is substantially outweighed by the danger of unfair prejudice to Plaintiff. Fed. R. Evid. 403. The Court sustains Plaintiff's objection and directs Plaintiff to strike Jackson's deposition testimony regarding his criminal convictions.

III.

For the reasons set forth above, the Court OVERRULES IN PART Defendants' Objection to Plaintiff's Exhibit List [Doc. No. 186]; GRANTS IN PART Plaintiff's Motion in Limine No. IV [Doc. No. 134]; SUSTAINS IN PART and OVERRULES IN PART Plaintiff's Objections to Defendants' Final Trial Exhibit List [Doc. No. 182]; GRANTS IN PART Plaintiff's Motion in Limine No. III [Doc. No. 133]; SUSTAINS Plaintiff's Objections to Defendants' Deposition Designations [Doc. No. 183]; and OVERRULES Defendants' Objection to Plaintiff's use of Depositions at Trial [Doc. No. 185].

Entered for the Court
this the 14th day of March, 2019

/s/ Joel M. Carson III
Joel M. Carson III
United States Circuit Judge
Sitting by Designation