IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ROSWELL, NEW MEXICO

APR 0.4 2019

Deputy Clerk

ISAHA CASIAS,

        Plaintiff,

v.

        1:16-CV-00056-JMC-SCY

STATE OF NEW MEXICO DEPARTMENT
OF CORRECTIONS, TARACINA MORGAN
and HERMAN GONZALES,

        Defendants.

## **JURY INSTRUCTIONS**

## INSTRUCTION NO. 1

## PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Ipad or other tablet, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Instagram, Snapchat, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source.

In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.   I may also ask questions during the trial.   You should not place any special weight on the answers to my questions.   Those answers are no more important than the answers given to attorney questions.   My questions may be intended to fill a gap in testimony or I may just be curious.   So don't give special weight to those answers.

If you want to take notes during the course of trial, you may do so.   However, it is difficult to take detailed notes and pay attention to what the witnesses are saying at the same time.   If you do take notes, be sure to make sure your note taking does not interfere with your listening to and considering all of the evidence. Also, if you do take notes, do not discuss them with anyone before you begin your deliberations.   Do not take your notes with you at the end of the day—be sure to leave them in the jury room.

If you choose not to take notes, remember that it is your own individual responsibility to listen carefully to the evidence. You cannot give this responsibility to someone who is taking notes. We depend on the judgment of all members of the jury; you must all remember the evidence in this case.

Th evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treated the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds evidence: direct and circumstantial. Direct evidence is direct proof or a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from

which you may infer or conclude that other facts exist.   I will give you further instructions on these as well as other matters at the end of the case.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.   I will give you some guidelines for determining the credibility of witnesses at the end of the case.

This is a civil case.   The plaintiff has the burden of proving his case by what is called a preponderance of the evidence.   That means the plaintiff has to produce evidence, which considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not.   To put differently, if you were to put the plaintiff's and defendants' evidence on opposite sides of the scales, the plaintiff would have to make the scales tip somewhat on his side.   If the plaintiff fails to meet this burden, the verdict must be for the defendant.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt.   That requirement does not apply to a civil case; therefore, you should put it out of your mind.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present his case through witness testimony and documentary or other evidence. Next, the defendants will have an opportunity to present their case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments.   Closing arguments are not evidence, but rather the attorneys' interpretations

of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.

## INSTRUCTION NO. 2

## FIRST EVENING RECESS (AS APPROPRIATE)

We are about to take our first evening break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

## INSTRUCTION NO. 3

## GENERAL INSTRUCTIONS FOR CHARGE

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendants in arriving at your verdict.

## INSTRUCTION NO. 4

### EQUAL STANDING

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

## INSTRUCTION NO. 5

## STATEMENT OF THE CASE

In this trial, Plaintiff Isaha Casias asserts two claims for which he seeks compensation for damages he says were caused by Defendant Taracina Morgan and Defendant Herman Gonzales while he was an inmate in the custody of the New Mexico Department of Corrections.

First, Plaintiff claims that Defendant Morgan and Defendant Gonzales violated Plaintiff's civil rights under the Eighth Amendment of the United States Constitution by confining him unattended in the back of a prisoner transport van in such a manner that it constituted a substantial risk of serious harm to his health or safety.   Plaintiff alleges he was left with other prisoners in an excessively hot van without adequate ventilation or sufficient water.

Second, Plaintiff makes a claim under the New Mexico Tort Claims Act against Defendant Morgan and Defendant Gonzales based on negligent operation of the prisoner transport van. Plaintiff also asserts that the New Mexico Department of Corrections, as the employer of Defendant Morgan and Defendant Gonzales, should be held vicariously liable for the negligent acts and omissions Defendant Morgan and Defendant Gonzales committed within the scope of their duties as correctional officers.

Plaintiff claims medical and psychological damages occurred as a result of this event.

Defendants Morgan and Gonzales claim they were not aware that leaving the prison transport van unattended would create a substantial risk of serious harm to Plaintiff. Additionally, the Defendants deny they were negligent in the operation of the van, and that all inmates were immediately evaluated by medical staff and given water. Defendants further claim medical staff released all of the individuals for continued transport and that Plaintiff suffered no damages or injury as a result of this incident.

## INSTRUCTION NO. 6

### BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

Plaintiff Isaha Casias has the burden of proving every essential element of his claim by a preponderance of the evidence.

To prove by a preponderance of the evidence means to establish that something is more likely true than not true. When I say in these instructions that a party has the burden of proof, I mean that you must be persuaded that what is sought to be proved is more probably true than not true. Evenly balanced evidence is not sufficient.

### INSTRUCTION NO. 7

### EVIDENCE

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

## INSTRUCTION NO. 8

### CIRCUMSTANTIAL v. DIRECT EVIDENCE

You may consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

## INSTRUCTION NO. 9

## INFERENCE WHERE EVIDENCE IS LOST OR DESTROYED

Plaintiff Isaha Casias says that evidence within the control of the New Mexico Department of Corrections was lost or destroyed. If you find that this happened, without a reasonable explanation, you may, but are not required to, infer that the lost, destroyed or altered evidence would be unfavorable to the New Mexico Department of Corrections.

**INSTRUCTION NO. 10**

**VIOLATION OF POLICY AND PROCEDURE**

Plaintiff Isaha Casias has presented evidence that Defendant Morgan and Defendant Gonzales violated certain policies of the New Mexico Department of Corrections during the incident at issue. You are instructed that the violation of a policy by Defendant Morgan or Defendant Gonzales should not be equated with liability for negligence or a civil rights violation, because the policy violations are not admitted to establish legal standards or legal duties in this case. Rather, the legal duties and legal standards for Plaintiff's claims are set forth in these instructions. However, you may consider the policy violations in the totality of the evidence in reaching your decision on Plaintiff's negligence and civil rights claims.

**INSTRUCTION NO. 11**

**LIMITING INSTRUCTION**

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**INSTRUCTION NO. 12**

**CHARTS AND SUMMARIES**

A certain map has been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. This map itself is not evidence or proof of any facts. If it does not correctly reflect the facts or figures shown by the evidence in the case, you should disregard this map and determine the facts from the underlying evidence.

## INSTRUCTION NO. 13

### IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

**INSTRUCTION NO. 14**

**DEPOSITION TESTIMONY**

A deposition is testimony taken under oath before trial and has been preserved in writing or by video. This testimony is entitled to the same consideration that you give any other testimony at this trial.

**INSTRUCTION NO. 15**

**CORRECTIONAL OFFICER TESTIMONY**

You are required to evaluate the testimony of a correctional officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a correctional officer.

## INSTRUCTION NO. 16

## CREDIBILITY OF WITNESSES

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness' testimony. In weighing the testimony of a witness you should consider the witness' relationship to the plaintiff or to the defendant; the witness' interest, if any, in the outcome of the case; manner of testifying; opportunity to observe or acquire knowledge concerning the facts about which the witness testified; candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence or previous statements inconsistent with the witness' present testimony. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**INSTRUCTION NO. 17**

**EXPERT WITNESSES**

An expert witness is permitted to state an opinion based upon a question which, for the purposes of trial, assumes as true certain facts which may or may not be true.

It will be for you in your deliberations, however, to determine from all of the evidence whether or not the facts assumed have been proved to be true.

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist you in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state an expert opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

## INSTRUCTION NO. 18

## ELEMENTS OF PLAINTIFF'S SECTION 1983 CLAIM

Under the Eighth Amendment to the United States Constitution, prison officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care, and by taking reasonable measures to guarantee inmate safety. Plaintiff Isaha Casias claims that Defendant Morgan and/or Defendant Gonzales violated his right to humane conditions of confinement by placing him, and keeping him in, an excessively hot van without adequate ventilation or sufficient water.

To recover damages for the alleged constitutional violation, Plaintiff must prove by a preponderance of the evidence that:

1.     his confinement in the van posed a substantial risk of serious harm to his health or safety;

2.     the Defendant was deliberately indifferent to that substantial risk of harm; and

3.     the Defendant's acts and omissions caused Plaintiff to suffer damages.

As to the first element, keep in mind that prison need not be comfortable and that prison conditions may be restrictive and even harsh without violating constitutional rights. Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently serious to form the basis of an Eighth Amendment deprivation. The test is an objective one and in applying it you should be guided by society's contemporary standards of decency. Although prison officials cannot absolutely guarantee the safety of their prisoners, they are responsible for taking reasonable measures to ensure inmate safety.

Deliberate indifference in this context means that the official knows of and disregards an excessive risk to inmate health or safety. The official must: (1) be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists; and (2) must draw that inference. It is not enough to show that Defendant Morgan and/or Defendant Gonzales were careless or neglected their job duties and should have known that leaving Plaintiff Casias in the van in the manner they did posed a substantial risk of serious harm. Further, deliberate indifference does not require a finding of an express intent to harm. Plaintiff need not show that an official acted or failed to act believing that harm actually would befall a prisoner; it is enough that the official acted, or failed to act, despite his knowledge of a substantial risk of serious harm. This level of intent can be demonstrated through circumstantial evidence, and deliberate indifference may be inferred if the risk of harm is obvious.

If Plaintiff Isaha Casias has proved each of these elements listed above by a preponderance of the evidence against Defendant Morgan or Defendant Gonzales, then you will have found that the Defendant violated his Eighth Amendment rights and your verdict will be for Plaintiff Isaha Casias as against that Defendant.

## INSTRUCTION NO. 19

### ELEMENTS OF PLAINTIFF'S NEGLIGENCE CLAIM

To establish the claim of negligence on the part Defendant Morgan or Defendant Gonzales, Plaintiff Isaha Casias must prove each of the following elements by a preponderance of the evidence:

1.    The Defendant failed to use ordinary care in the operation or maintenance of the transport van; and

2.    The Defendant's acts and omissions caused Plaintiff to suffer damages.

If you find that Plaintiff has proven the above claim as to Defendant Morgan or Defendant Gonzales by a preponderance of the evidence, you must find for Plaintiff and against that Defendant as to this claim.   If, however, you find that Plaintiff has not proven the above claim as to Defendant Morgan or Defendant Gonzales by a preponderance of the evidence, you must find for that Defendant.

## INSTRUCTION NO. 20

### NEGLIGENCE DEFINITION

The term "negligence" may relate either to an act or a failure to act.

An act, to be "negligence", must be one which a reasonably prudent person would foresee as involving an unreasonable risk of injury to another and which such a person, in the exercise of ordinary care, would not do.

A failure to act, to be "negligence", must be a failure to do an act which one is under a duty to do and which a reasonably prudent person, in the exercise of ordinary care, would do in order to prevent injury to another.

## INSTRUCTION NO. 21

### ORDINARY CARE

"Ordinary care" is that care which a reasonably prudent person would use in the conduct of the person's own affairs. What constitutes "ordinary care" varies with the nature of what is being done.

As the risk of danger that should reasonably be foreseen increases, the amount of care required also increases. In deciding whether ordinary care has been used, the conduct in question must be considered in the light of all the surrounding circumstances.

### INSTRUCTION NO. 22

### CAUSATION

An act or omission is a "cause" of damages if it contributes to bringing about the damages and if the damages would not have occurred without it. It need not be the only explanation for the damages, nor the reason that is nearest in time or place. It is sufficient if it occurs in combination with some other cause to produce the result. To be a "cause", the act or omission, nonetheless, must be reasonably connected as a significant link to the damages.

## INSTRUCTION NO. 23

## ELEMENTS OF PLAINTIFF'S *RESPONDEAT SUPERIOR* CLAIM

## AGAINST THE NEW MEXICO DEPARTMENT OF CORRECTIONS

## SCOPE OF DUTIES

A state agency or department can act only through its officers and employees. Any act or omission of an officer or an employee of a state agency or department within the scope or course of his or her duties, is the act or omission of the state agency or department. In this case, the New Mexico Department of Corrections may be held vicariously liable for the negligent acts and omissions of Defendant Morgan and Defendant Gonzales which were committed within the scope of their employment. The parties agree that Defendant Morgan and Defendant Gonzales were both acting within the scope of their employment during their interactions with Plaintiff, and you must accept that fact as proven.

## INSTRUCTION NO. 24

### DETERMINE LIABILITY BEFORE DAMAGES

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as to whether the court thinks damages should or should not be awarded.

## INSTRUCTION NO. 25

## DAMAGES MUST BE REASONABLE

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award only those damages which will reasonably compensate the plaintiff for the injuries that the plaintiff has sustained as a result of defendant(s)' wrongful conduct.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

## INSTRUCTION NO. 26

## COMPENSATORY DAMAGES

If you should decide in favor of Plaintiff Isaha Casias on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate Plaintiff for any of the following elements of damages proved by Plaintiff to have resulted from the wrongful conduct as claimed:

(1)     Pain and suffering Plaintiff experienced, as a result of the Defendants' wrongful conduct; and

(2)     Mental and emotional distress, including personal humiliation, and mental anguish and suffering Plaintiff experienced, and is reasonably certain to experience in the future, as a result of the Defendants' wrongful conduct.

Whether any of these elements of damages have been proved by a preponderance of the evidence is for you to determine.    Your verdict must be based upon proof and not upon speculation, guess or conjecture.    On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

The guide for you to follow in determining compensation for pain and suffering, if any, is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate plaintiffs with fairness to all parties to this action.

## INSTRUCTION NO. 27

### PAIN AND SUFFERING

You may award Plaintiff damages for pain and suffering he experienced as a result of the injury.

No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount to compensate the Plaintiff for the pain and suffering.

**INSTRUCTION NO. 28**

**EMOTIONAL DISTRESS DAMAGES**

To recover compensatory damages for mental and emotional distress, Plaintiff Casias must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

**INSTRUCTION NO. 29**

**NOMINAL DAMAGES**

You may award $1.00 in nominal damages and no compensatory damages if you find that:

(a) Plaintiff Casias has submitted no credible evidence of injury; or (b) Plaintiff Casias' injuries

have no monetary value or are not quantifiable with any reasonable certainty.

## INSTRUCTION NO. 30

## DAMAGES—PRE-EXISTING CONDITION

If you should decide in favor of the Plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the Plaintiff to have resulted from the wrongful conduct as claimed:

Whether any of these elements of damages have been proved by the evidence is for you to determine.    If you find that, before any injury in this case, Plaintiff was already impaired by a physical or emotional condition, Plaintiff is entitled to compensation for the aggravation or worsening of this condition, but not for elements of damages to the extent they were already being suffered.

Your verdict must be based upon proof and not upon speculation, guess or conjecture. Further, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

## INSTRUCTION NO. 31

### MITIGATION

Anyone who claims loss or damages as a result of an alleged wrongful act by another has a duty under the law to "mitigate" those damages—to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So if you find that Defendants Taracina Morgan and Herman Gonzales have proved by a preponderance of the evidence that Plaintiff Casias did not seek out or take advantage of a reasonable opportunity to reduce or minimize the loss or damage under all the circumstances, you should reduce the amount of Plaintiff Casias' damages by the amount that he could reasonably receive if he had taken advantage of such an opportunity.

## INSTRUCTION NO. 32

## PUNITIVE DAMAGES

If you find that Defendant Morgan or Defendant Gonzales is liable for Plaintiff Isaha Casias's injuries, you must award Plaintiff the compensatory damages that he has proved. You may, in addition, award punitive damages if you find that Defendant Morgan or Defendant Gonzales acted with malice or with reckless indifference to Plaintiff's federally protected rights. One acts with malice if one's conduct is motivated by evil intent or motive. One acts with reckless indifference to the protected federal rights of others when one engages in conduct with a callous disregard for whether the conduct violates the protected federal rights of others. Plaintiff has the burden of proving that punitive damages should be awarded by a preponderance of the evidence.

Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses.

The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown. The amount awarded, if any, must be reasonably related to the actual damages and injury and not disproportionate to the circumstances.

You may impose punitive damages against either Defendant Morgan or Defendant Gonzales or both of them. You may also award different amounts against Defendants Morgan and Gonzales.

## INSTRUCTION NO. 33

### CLOSING ARGUMENTS

After these instructions on the law governing this case, the lawyers may make closing arguments, or statements, on the evidence and the law. These summaries can be of considerable assistance to you in arriving at your decision and you should listen carefully. You may give them such weight as you think proper. However, neither these final discussions nor any other remarks or arguments of the attorneys made during the course of the trial are to be considered by you as evidence or as correct statements of the law, if contrary to the law given to you in these instructions.

## INSTRUCTION NO. 34

## FAITHFUL PERFORMANCE

Faithful performance by you of your duties is vital to the administration of justice.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach an agreement if you can do so without giving up your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes.

## INSTRUCTION NO. 35

## FOREPERSON/SIGNATURE BY COURT

Upon retiring to the jury room you should first elect a foreperson who will preside over your deliberations and will be your spokesperson here in court.

A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign it and then return to the courtroom.

If, during your deliberations, you should desire to communicate with me, please put your message or question in writing signed by the foreperson, and pass the note to the court security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom. I caution you, however, with regard to and message or question you might send, that you should never state your numerical division.

You may now proceed to the jury room to begin your deliberations.


United States Circuit Judge

Sitting by Designation