**FILED**

UNITED STATES DISTRICT COURT
ROSWELL, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

APR 0 4 2019

ISAHA CASIAS,

_[signature]_ Deputy Clerk

     Plaintiff,

v.

1:16-CV-00056-JMC-SCY

STATE OF NEW MEXICO DEPARTMENT
OF CORRECTIONS, TARACINA MORGAN
and HERMAN GONZALES,

     Defendants.

**JURY VERDICT FORM**

**Question No. 1:**

With respect to Plaintiff Isaha Casias' claim that Defendant Taracina Morgan was deliberately indifferent to a substantial risk of serious harm to Plaintiff in violation of the Eighth Amendment, do you find by a preponderance of the evidence and unanimously agree:

(a) That Plaintiff Casias' confinement in the van posed a substantial risk of serious harm to his health and safety?

Yes__X__    No _____

If your answer is Yes, proceed to 1(b). If your answer is No, proceed to Question No. 2.

(b) That Defendant Morgan was deliberately indifferent to that substantial risk of serious harm to Plaintiff?

Yes__X__    No _____

If your answer is Yes, proceed to 1(c). If your answer is No, proceed to Question No. 2.

(c) That Defendant Morgan's acts or omissions caused Plaintiff Casias to suffer damages?

Yes__X__    No _____

If your answer is Yes to parts 1(a)–(c), then you have found that Defendant Morgan violated Plaintiff Casias' Eighth Amendment rights.

Proceed to Question No. 2.

**Question No. 2:**

With respect to Plaintiff Isaha Casias' claim that Defendant Herman Gonzales was deliberately

indifferent to a substantial risk of serious harm to Plaintiff in violation of the Eighth Amendment,

do you find by a preponderance of the evidence and unanimously agree:

(a) That Plaintiff Casias' confinement in the van posed a substantial risk of serious harm to

his health and safety?

Yes__X__    No _____

If your answer is Yes, proceed to 2(b).  If your answer is No, proceed to Question No. 3.

(b) That Defendant Gonzales was deliberately indifferent to that substantial risk of serious

harm?

Yes__X__    No _____

If your answer is Yes, proceed to 2(c).  If your answer is No, proceed to Question No. 3

(c) That Defendant Gonzales' acts or omissions caused Plaintiff Casias to suffer damages?

Yes__X__    No _____

If your answer is Yes to parts 2(a)–(c), then you have found that Defendant Gonzales

violated Plaintiff Casias' Eighth Amendment rights.

Proceed to Question No. 3.

**Question No. 3:**

Do you find by a preponderance of the evidence and unanimously agree that Defendant New

Mexico Department of Corrections is vicariously liable for the negligent operation or

maintenance of a motor vehicle because:

(a) Defendant Taracina Morgan failed to use ordinary care in the operation or maintenance

of the transport van?

Yes___X___    No_____

If your answer is Yes, proceed to 3(b).  If your answer is No, proceed to Question No. 4.

(b) Defendant Morgan's negligence caused Plaintiff Casias to suffer damages?

Yes___X___    No_____

If your answer is Yes to parts 3(a)–(b), then you have found that Defendant New Mexico

Department of Corrections is vicariously liable for the negligent operation or maintenance of

the motor vehicle because of Defendant Morgan's act or omissions.

Proceed to Question No. 4.

**Question No. 4:**

Do you find by a preponderance of the evidence and unanimously agree that Defendant New Mexico Department of Corrections is vicariously liable for the negligent operation or maintenance of a motor vehicle because:

(a) Defendant Herman Gonzales failed to use ordinary care in the operation or maintenance of the transport van?

Yes___X___    No _____

If your answer is Yes, proceed to 4(b).  If your answer is No, proceed to Question No. 5.

(b) Defendant Gonzales' negligence caused Plaintiff Casias to suffer damages?

Yes___X___    No _____

If your answer is Yes to parts 4(a)–(b), then you have found that Defendant New Mexico Department of Corrections is vicariously liable for the negligent operation or maintenance of the motor vehicle because of Defendant Gonzales' act or omissions.

Proceed to Question No. 5.

**Question No. 5:**

If you find in favor of Plaintiff Isaha Casias on any claim, what is the total amount of

compensatory damages, if any, that you award Plaintiff?

$ 100,000,000   One Million

If you find in favor of Plaintiff Isaha Casias on any claim, but did not assign any compensatory

damages above, you may award nominal damages of up to $1 against Defendants.  Please enter

the amount, if any, of nominal damages below.  You cannot award nominal damages if you

award compensatory damages.

_____

Proceed to Question No. 6.

**Question No. 6:**

If you find that Defendant Taracina Morgan violated Plaintiff Isaha Casias' Eighth Amendment rights, do you find by a preponderance of the evidence and unanimously agree:

(a) That Taracina Morgan's acts were done with malice or reckless indifference to Plaintiff Casias' federally protected rights?

Yes __X__    No _____

If your answer is Yes, proceed to 6(b). If your answer is No, proceed to Question No. 7.

(b) Should punitive damages be assessed against Defendant Taracina Morgan?

Yes __X__    No _____

If your answer is Yes, proceed to 6(c). If your answer is No, proceed to Question No. 7.

(c) In what amount should punitive damages be assessed against Defendant Taracina Morgan?    $500,000

Proceed to Question No. 7.

**Question No. 7:**

If you find that Defendant Herman Gonzales violated Plaintiff Isaha Casias' Eighth Amendment

rights, do you find by a preponderance of the evidence and unanimously agree:

(a) That Herman Gonzales' acts were done with malice or reckless indifference to Plaintiff

Casias' federally protected rights?

Yes **X**    No _____

If your answer is Yes, proceed to 7(b).  If your answer is No, proceed to the end of this

form.

(b) Should punitive damages be assessed against Defendant Herman Gonzales?

Yes **X**    No _____

If your answer is Yes, proceed to 7(c).  If your answer is No, proceed to the end of this

form.

(c) In what amount should punitive damages be assessed against Defendant Herman

Gonzales?  $500,000

Proceed to the end of this form.

When you complete your deliberations, the foreperson shall sign and date this verdict form and

return it to the Court.

_4/4/2019_

DATE                                    FOREPERSON